■ Susan Gass, Appellant, v Thomas Gass, Respondent. [979 NYS2d 32]—

It is unclear what the Special Referee intended when he ordered an award to the wife of "permanent maintenance in the amount of $1,500 per month," with no time limit.

The assigned trial judge interpreted the Special Referee's order to award maintenance only until the wife turned 55 years of age, which was the age limit in the temporary maintenance

award. Given the discrepancy between the Special Referee's order and the subsequent judgment, which clearly had intended to impose relief identical to that in the Special Referee's order, further proceedings are necessary to clarify the duration of the maintenance award. The record does not provide a sufficient basis for us to decide the merits of a permanent maintenance award.

Contrary to the wife's assertions, the Special Referee properly denied the equitable distribution award based on the evidence in the record. While she contends that further discovery is warranted, she apparently did not seek further discovery at the hearing. The Special Referee was not obligated to advise her of various procedures, such as issuance of subpoenas or the filing of a motion to compel, to obtain additional information from the husband. The record makes clear that the wife, albeit pro se, is well experienced in litigating this matter and seeking additional discovery. The fact that an appeal was pending from a prior order denying discovery did not warrant an adjournment and further delay in these proceedings. The wife was specifically cautioned that there would be no further adjournments in light of the many years that had passed and extensive litigation in this divorce matter, commenced in 2008, yet she was not prepared to proceed at the hearing. Moreover, the Special Referee properly noted and considered this Court's prior decision holding that "resolution of this matter is long overdue" (*Gass v Gass*, 91 AD3d 557, 558 [1st Dept 2012]).

Similarly, her remaining challenges to prior court orders denying her further discovery are not properly before this Court. Concur—Mazzarelli, J.P., Friedman, DeGrasse, Richter and Manzanet-Daniels, JJ.